640 A.2d 749

**Craigg Eric WALLACE**

v.

**STATE of Maryland.**

**No. 1499, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

May 2, 1994.

Thomas J. Saunders, Asst. Public Defender (Stephen E. Harris, Public Defender, and Layla Said, on the brief), Baltimore, for appellant.

Kimberly Smith Ward, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Joseph I. Cassily, State's Atty. for Harford County, Bel Air, on the brief), for appellee.

Before MOYLAN, ALPERT and CATHELL, JJ.

MOYLAN, Judge.

The appellant, Craigg Eric Wallace, was convicted by a Harford County jury of assault and battery. On this appeal, he raises the following three contentions:

1) that his confession should not have been admitted in evidence;

2) that the trial judge erroneously allowed improper impeachment evidence; and

3) that the sentence was imposed on the basis of an impermissible consideration.

Because we find it necessary to reverse the conviction on the basis of the appellant's first contention, it is unnecessary to address the other two contentions.

Factually, we agree with the State that the appellant's pre-*Miranda* request for an attorney was tentative and half-hearted. When he was led to believe that his request for a lawyer would prevent him from having his injuries photographed, he quickly backed down from that request. As he began to discuss his wounds, moreover, he did not hesitate to talk more broadly about his involvement in the crime and he did not renew his request for an attorney. If, therefore, the appellant's request for an attorney under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were subject to any sort of balancing, as ironically an invocation of *Miranda*'s right to silence is, we could easily affirm the trial judge's ruling in favor of the State.

Such, however, is not the state of the law. A request for counsel under *Miranda*, as interpreted by *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), has been tightly construed against the State. The request for an attorney has a virtually foreclosing effect on any further interrogation or any further conversation that could result in a resumption of interrogation.

As interpreted by *Edwards* and its progeny, once a defendant indicates, even half-heartedly or equivocally, his desire for the presence of an attorney, all interrogation must

cease until an attorney is provided. If a defendant spontaneously reconsiders the matter and initiates further contact with the police, indicating that he has changed his mind, that would be an effective waiver. If it is the police, on the other hand, who reinitiate or continue discussion, there will be no weighing or balancing. The waiver will be deemed invalid.

■ In this case, the testimony of the interrogating police sergeant made it clear that during the course of the interrogation, and well before anything was reduced to writing, the appellant asked to speak to an attorney. At that point, the police purported to honor that right. According to them, however, the appellant, though he did not wish to speak about the criminal incident, did want to talk about his injuries and did want to have photographs taken of those injuries. The police, using a ploy that is currently very popular on police television shows, indicated that the appellant would have to be returned to his cell and that no photographs of him could be taken unless he withdrew a request for an attorney.

On the direct examination of the sergeant, the following was brought out:

Q: Now the statement that you obtained from the Defendant, was that statement actually taken before he talked about an attorney, or where I am still unclear—

A: The formal writing would have taken place after that.

Q: Okay.

A: But then he said, I said, well, basically you had to go back. I told the officer to take him back to the cell, and at that juncture he said, well, you know, I couldn't take any photographs of him or really talk about the incident once he asked to speak to an attorney. I said let's withdraw that, and then talked about it.

On cross-examination, the subject was further explored:

Q: And, in fact, what you conveyed to him was that you wouldn't take information relative to his complaint about being cut, stabbed, or whatever without making a statement, waiving his right to an attorney?

A: Well, basically I advised him that I couldn't process or talk about the case any more with him unless he would withdraw his request for an attorney. I mean it's all the same incident. Its—

Q: He wanted you to photograph his wounds?

A: That's correct.

Q: And you wouldn't do that either?

A: Unless he requested. Like I say, once the curtains come down I pretty much have to go with that, that's the same incident.

We do not agree with the State that the appellant's expression of a desire to have his wounds photographed constituted a spontaneous reinitiation of general discussion by him so as to satisfy the rigid waiver requirements of *Edwards*. Nor do we follow the State's reasoning as to why the appellant could not have been photographed without being further interrogated. The subtle message to the appellant was that if he insisted on his right to counsel, he would pay a price for it by not receiving the benefit of having his injuries photographically memorialized.

■ We also cannot agree with the State that this, if error, was harmless error. We do agree with the State, on the other hand, that there was abundant evidence to support the conviction even without the confession. We are unable to declare, however, that the State's *prima facie* case against the appellant is so overwhelming as to reduce the error to the level of harmlessness. The State might, under the circumstances, have been well advised to try the appellant without using the confession, as it will of necessity have to do should it choose to retry him. Although we cannot go so far as to say that we are persuaded beyond a reasonable doubt that the verdict would have been the same without the introduction of the confession, realistically the State did not need it.

*JUDGMENT REVERSED;*

*COSTS TO BE PAID BY HARFORD COUNTY.*